**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERARDO JAUREGUI-MONTIJO, | No. 10-72466 |
| Petitioner, | Agency No. A017-977-481 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2011[**]

Before:    TROTT, GOULD, and RAWLINSON, Circuit Judges.

Gerardo Jauregui-Montijo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision finding him removable as an alien convicted

of an aggravated felony and denying his applications for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law, and review for substantial evidence the denial of CAT relief.  *Doissaint v. Mukasey*, 538 F.3d 1167, 1170 (9th Cir. 2008).  We deny the petition for review.

Jauregui-Montijo contends that his carjacking conviction was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(G) because his sentence was vacated by the state court pursuant to California Penal Code § 1203.4(a).  Jauregui-Montijo's contention concerning his sentence is not supported by the record, and as he concedes, his conviction retains its immigration consequences despite having been set aside by the state court.  *See Ramirez-Castro v. INS*, 287 F.3d 1172, 1175 (9th Cir. 2002).  We do not reach Jauregui-Montijo's remaining contentions concerning his conviction.  *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

In light of Jauregui-Montijo's conviction, the BIA correctly determined that he was ineligible for asylum and withholding of removal.  *See* 8 U.S.C. §§ 1158(b)(2)(B)(i), 1231(b)(3)(B).

Substantial evidence supports the BIA's denial of Jauregui-Montijo's application for CAT relief on the ground that he failed to demonstrate that it is

more likely than not he will be tortured if he is removed to Mexico.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("generalized evidence of violence and crime in Mexico" insufficient to meet petitioner's burden of proof on a CAT claim).

**PETITION FOR REVIEW DENIED.**