**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARMANDO CHAN ALBA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

Nos. 08-74985
10-71350
10-72812

Agency No. A096-006-998

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

In these consolidated petitions for review, Armando Chan Alba, a native and

citizen of the Philippines, petitions for review of the Board of Immigration

Appeals' ("BIA") orders dismissing his appeal from an immigration judge's

decision denying his motion to reopen removal proceedings conducted in absentia

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

and denying his motions to reopen and reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider, and review for substantial evidence factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review in No. 08-74985, grant the petition for review in No. 10-71350 and remand for further proceedings, and dismiss as moot the petition for review in No. 10-72812.

The agency did not abuse its discretion in denying Alba's September 28, 2007, motion to reopen for failure to establish exceptional circumstances beyond his control that would excuse his failure to appear for his removal hearing. *See* 8 U.S.C. § 1229a(e)(1); *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002). Alba's contention that the BIA failed to address his argument under the Health Insurance Portability and Accountability Act of 1996 is not supported by the record. Finally, the BIA did not abuse its discretion in concluding that Alba was not entitled to reopening in order to apply for adjustment of status where he failed to establish prima facie eligibility for that relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010).

Substantial evidence does not support the BIA's finding that Alba failed to prove his former counsel acted ineffectively for purposes of his equitable tolling

claim where the record reflects that counsel's actions caused Alba to miss his opportunity to file a timely motion to reopen with the BIA in order to submit a copy of his immigrant visa petition. *See Ray v. Gonzales*, 439 F.3d 582, 588-89 (9th Cir. 2006) (attorney's failure to meet filing deadlines may constitute ineffective assistance supporting an equitable tolling claim). The BIA abused its discretion in denying Alba's September 24, 2009, motion to reopen on the basis of this finding. We remand to the BIA for further proceedings on Alba's motion.

Because we grant Alba's petition for review of the BIA's order denying his September 24, 2009, motion to reopen, we dismiss as moot his petition for review of the BIA's subsequent denial of his motion to reopen and reconsider that order. *See Doissaint v. Mukasey*, 538 F.3d 1167, 1171 (9th Cir. 2008).

**In No. 08-74985: PETITION FOR REVIEW DENIED.**

**In No. 10-71350: PETITION FOR REVIEW GRANTED; REMANDED.**

**In No. 10-72812: PETITION FOR REVIEW DISMISSED.**