**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VOLSAINT DOISSAINT, aka Dolsin
Volsin,
                    *Petitioner,*

            v.

MICHAEL B. MUKASEY, Attorney
General,
                    *Respondent.*

Nos. 06-73218
        06-75390

Agency No.
A72-385-953

OPINION

On Petitions for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted
May 7, 2008—Seattle, Washington

Filed August 18, 2008

Before: Arthur L. Alarcón, Susan P. Graber, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Graber

10975

**COUNSEL**

Christopher Strawn, Northwest Immigration Rights Project, Seattle, Washington, for the petitioner.

Deitz P. Lefort and Lyle D. Jentzer, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for the respondent.

**OPINION**

GRABER, Circuit Judge:

The Board of Immigration Appeals ("BIA") denied Petitioner Volsaint Doissaint's request for relief under the Convention Against Torture ("CAT") and his motion to reopen proceedings. He petitions this court for review from those denials. We grant in part and dismiss as moot in part.

Petitioner, a Haitian citizen, entered the United States in 1992. He was granted asylum in 1993 and became a lawful permanent resident in 1995. In 2000, a jury convicted Petitioner of three counts of second-degree assault under Oregon law. He was sentenced to 70 months' imprisonment. Upon release from prison, the government placed Petitioner in removal proceedings.

Petitioner applied for asylum, withholding of removal, and relief under the CAT. The immigration judge ("IJ") ruled that Petitioner was statutorily ineligible for asylum or withholding

of removal because he had conceded removability as an aggravated felon. The IJ denied Petitioner's CAT claim because he did not believe that Petitioner was credible and, therefore, concluded that Petitioner had not shown a "clear probability" of a risk of torture if returned to Haiti.

Petitioner appealed the IJ's decision to the BIA. The BIA dismissed the appeal, ruling: "[Petitioner] does not contest on appeal the denial of his application for cancellation of removal or his request for protection under the Convention Against Torture. We thus deem those issues abandoned and need not address them here." The BIA proceeded to discuss and reject the merits of Petitioner's claims for asylum and withholding of removal. Petitioner timely petitioned for review of the BIA's order dismissing his appeal (No. 06-73218). In connection with that petition, he now concedes that he is removable and ineligible for asylum and withholding of removal, but he challenges the BIA's denial of his CAT claim.

Petitioner then filed a motion to reopen with the BIA. He argued that the BIA should reopen his removal proceedings and remand to an IJ to consider new evidence, not previously available, concerning his CAT claim. Petitioner also requested a discretionary waiver of inadmissibility under Immigration and Nationality Act ("INA") § 209(c), 8 U.S.C. § 1159(c).

The BIA denied Petitioner's motion to reopen. The BIA denied Petitioner's request for discretionary relief, finding that he was precluded from adjustment of status under INA § 209(a), 8 U.S.C. § 1159(a). In a footnote, the BIA stated:

> With regard to [Petitioner's] request for a section 209(c) waiver, we also note that [Petitioner] has a serious history of criminal misconduct in this country. Consequently, we will also deny [Petitioner's]

motion because we do not find that he would merit such relief in the exercise of discretion.

The BIA also found that Petitioner could have submitted his new evidence earlier and ruled that he had failed to make a prima facie showing of eligibility for CAT relief. The BIA stated in a footnote: "We find no clear error in the Immigration Judge's finding of fact; nor do we find that the Immigration Judge erred in concluding that [Petitioner] failed to provide sufficient credible evidence to demonstrate that he, or his family members, have been victims of past persecution." Petitioner timely petitioned for review of the BIA's order denying his motion to reopen (No. 06-75390). Pursuant to 8 U.S.C. § 1252(b)(6), we consolidated the two petitions for review.

In No. 06-73218, Petitioner argues that the BIA erred in finding that he had abandoned his CAT claim. The government does not dispute that Petitioner substantively briefed his CAT claim—the record clearly demonstrates that he did.[1] *See Kaganovich v. Gonzales*, 470 F.3d 894, 897 (9th Cir. 2006) (The "[p]etitioner raised the issue . . . before the BIA, and our precedent requires nothing more." (internal quotation marks omitted)). Nor does the government dispute that the BIA declined to consider the CAT claim in its order dismissing Petitioner's appeal. Rather, the government argues, without citation to any authority, that the BIA cured any error "by reviewing and affirming the immigration judge's adverse

---

[1]In his Notice of Appeal to the BIA, Petitioner stated that the IJ "erred in denying [his] renewed application for asylum, withholding, and relief under the Convention Against Torture," that "[t]he credibility decision of the IJ was in error," and that "[t]he IJ erred in concluding that [he] [wa]s ineligible for asylum, withholding and relief under the Convention Against Torture." In his brief to the BIA, Petitioner summarized: "The IJ ruled that he was ineligible for asylum and withholding. The IJ denied his application for relief under the Convention Against Torture on the grounds that his testimony was not credible." Petitioner then proceeded to use half of his brief to challenge the IJ's adverse credibility finding.

credibility determination" in its order denying Petitioner's motion to reopen.

**[1]** "[I]t goes without saying that IJs and the BIA are not free to ignore arguments raised by a petitioner." *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005). The BIA thus erred as a matter of law when it construed Petitioner's properly raised and briefed CAT claim as abandoned. Although we typically review for substantial evidence the BIA's denial of CAT relief, *Bellout v. Ashcroft*, 363 F.3d 975, 979 (9th Cir. 2004), we review de novo the BIA's resolution of a question of law, *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003). The question whether the BIA can cure this legal error in its subsequent consideration of Petitioner's motion to reopen is a legal question of first impression in our circuit. We hold that the answer is "no."

"In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). "[T]his court cannot affirm the BIA on a ground upon which it did not rely." *Ernesto Navas v. INS*, 217 F.3d 646, 658 n.16 (9th Cir. 2000). In examining the petition of the BIA's dismissal of Petitioner's appeal, No. 06-73218, the BIA relied only on the ground that Petitioner abandoned his CAT claim. As previously stated, this ground is erroneous.

**[2]** The government argues that the BIA analyzed the merits of Petitioner's CAT claim when denying his motion to reopen. However, a motion to reopen is not a means by which the BIA can correct its own legal error. A motion to *reconsider* seeks to correct alleged errors of fact or law. 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b). A motion to *reopen*, on the other hand, is purely fact-based, seeking to present newly discovered facts or changed circumstances since a petitioner's hearing. 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c). As described by this court: "A motion to reconsider does not present new law or facts, but rather challenges

determinations of law and fact made by the BIA. In contrast, a motion to reopen seeks to present new facts that would entitle the alien to relief from deportation." *Mohammed v. Gonzales*, 400 F.3d 785, 792 n.8 (9th Cir. 2005). Consequently, the legal basis for the IJ's denial of Petitioner's CAT claim— the IJ's adverse credibility finding—was not before the BIA on Petitioner's motion to reopen.

**[3]** If and when the BIA realized its error in this case, it should have reconsidered its original decision and addressed Petitioner's CAT claim on the merits. *See* 8 C.F.R. § 1003.2(a) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision."). The BIA could not, as a procedural shortcut, deny Petitioner's motion to reopen and proceed as if its legal error had never occurred.

Moreover, it is not clear, as the government contends, that the BIA ever reviewed the IJ's adverse credibility determination. On his direct appeal, Petitioner raised numerous challenges to the IJ's adverse credibility finding. But the issue was not briefed in Petitioner's motion to reopen, and the limited extent of the BIA's analysis in denying that motion was: "We find no clear error in the Immigration Judge's finding of fact." The BIA never specified *which* finding of fact it meant or *why* it found no clear error.[2] *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995) (stating that "the Board's opinion must contain a statement of its reasons for denying the petitioner relief adequate for us to conduct our review").

**[4]** We hold that, when the BIA commits legal error in a petitioner's direct appeal, the BIA cannot cure that error in a denial of the petitioner's motion to reopen. Consequently, we grant the petition on the BIA's dismissal of Petitioner's appeal (No. 06-73218). We remand for the BIA to examine

---

[2]The fact that the adverse credibility determination was not before the BIA at that time may explain this lack of specificity.

Petitioner's CAT claim in the first instance.**³** *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

In No. 06-75390, Petitioner argues that the BIA abused its discretion in failing to balance the equities of his request for a 209(c) waiver. Because we reverse the BIA's original decision, we therefore dismiss as moot Petitioner's petition for review of the BIA's denial of his motion to reopen that decision. *See Goldeshtein v. INS*, 8 F.3d 645, 646 n.1 (9th Cir. 1993) ("In light of our decision [granting] the first petition for review, we need not reach the issues raised in the subsequent petitions. Those petitions are dismissed as moot."); *Moran-Enriquez v. INS*, 884 F.2d 420, 423 n.2 (9th Cir. 1989) (holding that, because the court granted the petition on the BIA's dismissal of the petitioner's appeal, "we need not consider [the petitioner's] other arguments and dismiss his petition for review of the motion to reopen (No. 89-70010) as moot"). Should Petitioner file another motion to reopen, he is free to raise his claims anew.

Petition for review in No. 06-73218 GRANTED; petition for review in No. 06-75390 DISMISSED AS MOOT.

---

**³**When neither the BIA nor the IJ makes an adverse credibility finding, we must accept the petitioner's testimony as true. *Knezevic v. Ashcroft*, 367 F.3d 1206, 1209 (9th Cir. 2004). Here, however, the IJ found Petitioner not credible. Although the BIA acknowledged this determination and failed to rule on it in dismissing Petitioner's direct appeal, we remand credibility determinations "when the IJ or the BIA has raised a doubt as to a petitioner's credibility." *Leiva-Montalvo v. INS*, 173 F.3d 749, 751 n.2 (9th Cir. 1999); *see also Hartooni v. INS*, 21 F.3d 336, 343 (9th Cir. 1994) ("Here, however, we cannot say that no doubts have been raised about [the petitioner's] credibility. We therefore remand to the Board so that it may make a determination of [the petitioner's] credibility in the first instance . . . ." (internal quotation marks omitted)).