**Lor VANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70916.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2008 *.

Oct. 28, 2008.

Diane M. Mahoney, Esquire, Mahoney, Nikolenko & Tomlinson, Sacramento, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Tobi Edwards Longwitz, Esquire, Oil, DOJ–U.S. Depart-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

ment of Justice, Washington, DC, for Respondent.

Before: THOMAS and GRABER, Circuit Judges, and LARSON,** District Judge.

## MEMORANDUM ***

Petitioner Lor Vang, a native and citizen of Laos, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), which denied his application for asylum on the basis of an adverse credibility finding. We deny in part and grant and remand in part.

■ 1. Petitioner received a full and fair hearing and an accurate translation of the proceedings, as required by the Due Process Clause of the Fifth Amendment. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004) (stating that we review de novo a due process challenge to an immigration proceeding). Petitioner does not demonstrate that the translation difficulties, most of which were corrected at the hearing itself, prejudiced him in any way.

■ 2. We review for substantial evidence an adverse credibility finding. *Rivera v. Mukasey,* 508 F.3d 1271, 1274 (9th Cir.2007). Two inconsistencies, both of which go to the heart of Petitioner's claim, *see Ceballos–Castillo v. INS,* 904 F.2d 519, 520 (9th Cir.1990), formed a basis for the adverse finding: inconsistencies concerning the death of Chong Moua Thao, one of Petitioner's military colleagues, and the difference between Ms. Kirton's letter and Petitioner's testimony concerning the reason for Petitioner's decision to travel to the United States. Petitioner had the requisite opportunity to explain the inconsistencies, *Zi Lin Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004), and the BIA was not compelled to believe him.

■ 3. Petitioner argued to the BIA, and argues again here, that he is a member of a "disfavored group," the Hmong minority, and that consequently he need not show that he will be singled out individually for future persecution if returned to Laos. *See Mgoian v. INS,* 184 F.3d 1029, 1035 (9th Cir.1999). The immigration judge had ruled on this issue, and Petitioner properly raised it to the BIA. The BIA, however, failed to rule on this theory. Its failure to do so was erroneous, so we must grant the petition and remand with respect to this issue. *Doissaint v. Mukasey,* 538 F.3d 1167, 1170 (9th Cir. 2008).

Petition DENIED in part, GRANTED and REMANDED in part. The parties shall bear their own costs on appeal.

** The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

