**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERICK FEDERICO HERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 08-71098 <br><br> Agency No. A041-713-973 <br><br> MEMORANDUM[*] |
| ERICK FEDERICO HERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 08-73360 <br><br> Agency No. A041-713-973 |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted July 14, 2010
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT, GRABER, and PAEZ, Circuit Judges.

Erick Federico Hernandez, a native and citizen of El Salvador, petitions for review of two decisions of the Board of Immigration Appeals ("BIA") that in turn reviewed an immigration judge's ("IJ") decision denying him asylum, withholding of removal, and protection under the Convention Against Torture, and ordering him removed under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony.

No. 08-71098

In the first petition, No. 08-71098, Hernandez challenges the dismissal of his appeal of the IJ's removal order, which the BIA found to be untimely. Hernandez's notice of appeal was due at the BIA's offices in Falls Church, Virginia, on February 13, 2008, but it arrived one day late. The record shows, however, that Hernandez completed his *pro se* notice of appeal on February 8, while incarcerated at the detention center at which Immigration and Customs Enforcement ("ICE") had held him for five months. In his notice of appeal, he declared that he "mailed or delivered" a copy of the notice to opposing counsel for the government that same day. In his brief, he explains that he gave the notice to

the detention center authorities for mailing that day. But ICE did not actually put the notice in the mail until February 11 – three days later.

Were Hernandez a *pro se* prisoner filing a notice of appeal in this court, his notice would have been timely under the "inmate filing rule." Fed. R. App. P. 4(c)(1). But the BIA has no parallel rule that similarly acknowledges the "situation of prisoners seeking to appeal without the aid of counsel" and who have "no choice but to entrust the forwarding of [their] notice[s] of appeal to prison authorities whom [they] cannot control or supervise and who may have every incentive to delay." *Houston v. Lack*, 487 U.S. 266, 270-71 (1988). We need not decide now whether a rule that fails to define "filing" for detainees as the date on which they deliver the notice to ICE officers is arbitrary or capricious, because the BIA may certify appeals to itself notwithstanding their untimeliness. 8 C.F.R. § 1003.1(c). We therefore **GRANT** the petition in No. 08-71098 and **REMAND** for the limited purpose of allowing the BIA to exercise its discretion to decide whether to certify Hernandez's appeal.

No. 08-73360

Hernandez also petitions for review of a BIA decision affirming an IJ's order denying his motion to reopen and reconsider, which the IJ and BIA construed

3

as a motion to reopen only.  Because Hernandez is detained, we apply the inmate

filing provision of Federal Rule of Appellate Procedure 25(a)(2)(C) to his second

petition and determine that it was timely filed with this court.

The BIA must construe filings of aliens proceeding *pro se* liberally.

*Agyeman v. INS*, 296 F.3d 871, 878 (9th Cir. 2002).  Hernandez's motion, while

styled a "motion to reopen," was also a motion to reconsider in its substance and

should have been construed as such.  Indeed, the government supposed as much

when it first responded to the motion.  "[I]t goes without saying that IJs and the

BIA are not free to ignore arguments raised by a petitioner."  *Sagaydak v.*

*Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005).  The BIA erred in failing to rule at

all on Hernandez's motion to reconsider.

The government contends that the motion to reconsider, had Hernandez's

motion been viewed as one, would have been untimely.  Perhaps so.  But the BIA

would have had to so decide for that to be relevant here, because "this court cannot

affirm the BIA on a ground upon which it did not rely."  *Doissaint v. Mukasey*, 538

F.3d 1167, 1170 (9th Cir. 2008) (internal quotation marks and brackets omitted).

We therefore **GRANT** the petition in No. 08-73360 and **REMAND** for the BIA to

consider Hernandez's motion to reconsider in the first instance.  If the BIA finds

that motion to be untimely, it may also consider Hernandez's request that it reconsider *sua sponte* under 8 C.F.R. § 1003.2(a).

The panel retains jurisdiction over this matter, and Hernandez may file a renewed petition for review after the BIA determines whether to certify his appeal and whether to reconsider his removal order, and/or decides the merits of his appeal. The parties shall file a status report with this court when further action is taken by the BIA but, in any event, no later than six months from the date of this order. This court's order of March 11, 2009, staying removal shall remain in effect until further order of this court.

**GRANTED and REMANDED.**