**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VOLSAINT DOISSAINT, AKA Dolsin Volsin, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-71739 <br><br> Agency No. A072-385-953 <br><br> MEMORANDUM[*] |
| VOLSAINT DOISSAINT, AKA Dolsin Volsin, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-70580 <br><br> Agency No. A072-385-953 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 2, 2011

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Following remand by this Court in *Doissaint v. Mukasey*, 538 F.3d 1167 (9th Cir. 2008), Volsaint Doissaint, a native and citizen of Haiti, petitions for review of two orders by the Board of Immigration Appeals ("BIA"). First, he challenges an order of the BIA affirming the denial of his application for deferral of removal under the Convention Against Torture ("CAT") by the Immigration Judge ("IJ"). Doissaint asserts a fear of torture if returned to Haiti on account of his political beliefs. Second, he contends that the BIA abused its discretion by denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

The IJ denied Doissaint's CAT claim because he found Doissaint not credible and because Doissaint failed to show any "'clear probability' of the risk of 'torture' if he had to return to Haiti." The BIA affirmed, finding "no clear error in the determination that [Doissaint] is not credible nor with the conclusion that he failed to meet his burden of proof." Doissaint challenges the adverse credibility finding, but even assuming he is correct, we must nevertheless deny his petition, because Doissaint has failed to demonstrate that it is more likely than not that he would be tortured if removed. *See Guo v. Ashcroft*, 361 F.3d 1194, 1204 (9th Cir.

2

2004) (stating that remand is not necessary on a credibility determination if the BIA addressed the merits of the claim). Doissaint's last political activities occurred in 1990 and he was never arrested or detained in Haiti. Although he claims he was shot in the leg in 1992, this would not established a likelihood that he would be tortured if he were to return to Haiti now. Doissaint therefore cannot demonstrate that he has met the standard for protection under CAT. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051-52 (9th Cir. 2008) (denying CAT relief where the evidence does not indicate that petitioner would face any particular threat of torture beyond that of which all citizens of Nepal are at risk).

Doissaint's due process rights were not violated by the BIA's refusal to allow supplemental briefings on remand. Petitioner had previously briefed the issues and has not shown he was denied the opportunity to raise any new material matters. *See Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (requiring both fundamental unfairness and prejudice for a due process violation).

The BIA did not abuse its discretion in denying Doissaint's motion to reopen that was grounded upon his criminal deportee status. The BIA considered all the evidence submitted by Doissaint and concluded that he failed to make out a prima facie case for protection under CAT. In its January 28, 2010 order, the BIA cited to a number of exhibits submitted by Doissaint, including Exhibit H (expert

3

testimony of Professor Stotzky) and Exhibit O (affidavit of Thomas Griffin).  It found that there was no evidence that the Haitian government specifically intended to torture criminal deportees, relying upon *Matter of J-E-*, 23 I. & N. Dec. 291 (BIA 2002) (en banc) (indefinite detention, deplorable prison conditions, and mistreatment by prison officials are not evidence of specific intent to torture).  *See Theagene v. Gonzales*, 411 F.3d 1107, 1113 (9th Cir. 2005) ("The Board's decision in *Matter of J-E* is not unreasonable, so we defer to the Board's interpretation."); *Villegas v. Mukasey*, 523 F.3d 984, 988 (9th Cir. 2008).  The BIA decision reflects it considered the evidence the Petitioner offered.  There was no abuse of discretion. *See* 8 C.F.R. § 1003.2(c)(2).

The BIA also did not abuse its discretion in denying Doissaint's motion to reopen to adjust his status.  Doissaint had previously adjusted his status to that of a lawful permanent resident ("LPR") and therefore cannot "re-adjust" his status to that of an LPR under section 209 of the Immigration and Nationality Act, 8 U.S.C. § 1159, to avoid removal.  *See Robleto-Pastora v. Holder*, 591 F.3d 1051, 1060 (9th Cir. 2010).

**PETITIONS FOR REVIEW DENIED**.