**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARELLA LUZ VILLANUEVA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-70641

Agency No. A040-465-999

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 8, 2011
Pasadena, California

Before: B. FLETCHER and N.R. SMITH, Circuit Judges, and BREWSTER,
Senior District Court Judge.[**]

Marella Luz Villanueva petitions for review of the Board of Immigration

Appeals' (BIA's) affirmance of an Immigration Judge's (IJ's) decision that she

abandoned her lawful permanent resident (LPR) status. We have jurisdiction to

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule. Rule 36-3.

[**] The Honorable Rudi M. Brewster, Senior District Court Judge for the
U.S. District Court for Southern California, San Diego, sitting by designation.

review issues of law and constitutional questions arising in removal proceedings under INA § 242(a)(2)(D), 8 USC § 1252(a)(2)(D). Because the BIA conducted an independent review, we review the BIA's decision rather than the IJ's. *Vasquez v. Holder*, 602 F.3d 1003, 1009 (9th Cir. 2010). We deny the petition.

We review the BIA's factual determinations, including its finding that a petitioner abandoned her lawful permanent residence, for substantial evidence. *See Khodagholian v. Ashcroft*, 335 F.3d 1003, 1006 (9th Cir. 2003). Because the Government bears the underlying burden of proof, the issue is whether "it can[] reasonably be concluded that the [Government] carried its burden [to demonstrate] by clear, unequivocal, and convincing evidence that [the petitioner] lacked a continuous, uninterrupted intention to return to the United States." *Id.* at 1009 (internal quotation marks and citation omitted).

The BIA concluded that the time before April 1999 should not factor into the abandonment analysis, and assumed without deciding that it would not impute to Ms. Villanueva her parents' apparent desire to remain in the Phillippines. Accordingly, we consider only Ms. Villanueva's actions after that date. *See Doissaint v. Mukasey*, 538 F.3d 1167, 1170 (9th Cir. 2008). We hold that substantial evidence supports the BIA's factual finding that the government met its burden to prove by clear and convincing evidence that Ms. Villanueva abandoned her lawful permanent residence between April 1999 and her attempted return to the

United States in July 2000. The evidence in the record is not so compelling that a reasonable fact-finder would have to conclude that Ms. Villanueva was actively and consistently negotiating with her family for permission to return during that entire year. In light of this holding, we need not address Ms. Villanueva's actions after July 2000.

Ms. Villanueva also argues that the government failed to provide her with notice of precisely which actions constitute abandonment of lawful permanent residence, and that such failure violates her procedural due process rights. We disagree. Before the events in question, the BIA issued *Matter of Huang*, 19 I. & N. Dec. 749, 755–57 (BIA 1988), which discussed at length factors to be considered in determining whether an individual has abandoned LPR status. Ms. Villanueva had constructive knowledge of this law. *Cf. Gollehon v. Mahoney*, 626 F.3d 1019, 1024–25 (9th Cir. 2010) (holding that a state court decision put defendant on notice of the potential penalties for a crime, thus satisfying due process). Furthermore, immigration regulations give notice that a lawful permanent resident who has been outside of the United States for more than one year may not rely on his or her green card as the sole basis of admission. *See* 8 C.F.R. § 211.1(a)(2). Due process requires no more.

**PETITION FOR REVIEW DENIED.**