FILED

**NOT FOR PUBLICATION**

JUN 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANWAR HOSSAIN, | No. 09-71069 |
| Petitioner, | Agency No. A079-378-448 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 14, 2013
San Francisco, California

Before: TASHIMA and BYBEE, Circuit Judges, and WOOD, Senior District
Judge.[**]

Anwar Hossain petitions for review of the Board of Immigration Appeals'

(BIA) decision dismissing his appeal and denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kimba M. Wood, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

withholding of removal, and CAT protection. We have jurisdiction under 8 U.S.C. § 1252. We deny in part and grant in part the petition for review, and we remand.

Hossain argues that changed circumstances excuse the untimely filing of his asylum application. Changed circumstances can excuse an untimely filing if they "materially affect[] the applicant's eligibility for asylum." 8 C.F.R. § 1208.4(a)(4)(i). Here, however, substantial evidence supports the BIA's conclusion that the FBI's receipt of the anonymous snitch e-mail did not materially affect Hossain's eligibility for asylum. *See Vahora v. Holder*, 641 F.3d 1038, 1042–44 (9th Cir. 2011). Since Hossain concedes that he failed to establish who sent the e-mail, the snitch e-mail does not make it "substantially more likely," *id.* at 1044, that Hossain will be persecuted by "the government or forces that the government is unwilling or unable to control," *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007). We thus deny the petition for review with respect to Hossain's asylum claim.

Hossain argues that the record compels a finding that he is eligible for withholding of removal. *See Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010). An alien is eligible for withholding of removal if he can show: (1) past persecution or a "clear probability of future persecution," *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010); *see also* 8 C.F.R. § 1208.16(b)(1)–(2); (2) that the

persecution is on account of a protected ground, such as "the alien's race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1231(b)(3)(A); and (3) that the persecution comes from "the government or . . . persons or organizations which the government is unable or unwilling to control," *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (internal quotation marks omitted).

The BIA denied Hossain's petition with respect to withholding of removal because it concluded that Hossain failed to establish that the 1993 and 1998 incidents were on account of Hossain's political opinion, and the 1993 incident did not amount to persecution. The record, however, compels a finding that Hossain's political opinion "'was at least one central reason' for his mistreatment" for the 1998 incident. *Zhiqiang Hu v. Holder*, 652 F.3d 1011, 1017 (9th Cir. 2011) (quoting 8 U.S.C. § 1158(b)(1)(B)(I)). Hossain credibly testified before the immigration judge that his attackers specifically asked him why he was involved with his political party while they were beating him. Since there is no other apparent reason on the record as to why Hossain was attacked, the record compels a finding that Hossain's political opinion was one central reason surrounding the 1998 attack. *Cf. Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009).

Because the BIA did not consider whether the 1998 incident constituted persecution, or whether it was by "the government or . . . persons or organizations which the government is unable or unwilling to control," *Reyes-Reyes*, 384 F.3d at 788 (internal quotation marks omitted), we remand to the BIA for its consideration in the first instance, *see Doissaint v. Mukasey*, 538 F.3d 1167, 1170–71 (9th Cir. 2008). If the BIA finds that the 1998 incident involved persecution on account of political affiliation by the government or persons the government was unwilling to control, it may need to revisit its conclusions with respect to the 1993 incident.[1] *See Chand v. INS*, 222 F.3d 1066, 1074 (9th Cir. 2000) (explaining that "[w]hen considering an asylum claim, we consider cumulatively the harm an applicant has suffered"). We thus grant the petition for review with respect to Hossain's withholding of removal claim, and remand to the BIA for further proceedings consistent with this disposition.

With regard to Hossain's CAT claim, the record does not compel a finding that it is more likely than not that Hossain will be tortured "by or at the instigation

---

[1] We note that with regard to the 1993 incident, Hossain was arrested while trying to organize a political gathering on behalf of his political party, and while Hossain was in custody police officers specifically cited the name of Hossain's political party while saying abusive words. Although Hossain was told by police that he had been arrested for violating gathering laws, there may be "more than one central reason" for an arrest. *Zhiqiang*, 652 F.3d at 1017.

4

of or with the consent or acquiescence of a public official or other person acting in an official capacity," if he returns to Bangladesh. 8 C.F.R. § 1208.18(a)(1); *see also* 8 C.F.R. § 1208.16(c); *Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006). We thus deny the petition for review with respect to Hossain's CAT claim.

Each party shall bear its own costs for this petition for review.

DENIED in part, GRANTED in part, and REMANDED.