**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN RAMON GONZALEZ HERMOSILLO; GREYSSI ROSAURA GONZALEZ FLORES, | No. 12-71218 |
| Petitioners, | Agency Nos. A095-200-456 A095-200-454 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014**

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Juan Ramon Gonzalez Hermosillo and Greyssi Rosaura Gonzalez Flores,

natives and citizens of Mexico, petition for review of an order of the Board of

Immigration Appeals ("BIA") denying their motion to reopen removal

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings. We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and grant in part the petition for review and remand.

The BIA did not abuse its discretion by denying petitioners' untimely and successive motion to reopen based on changed country conditions, where petitioners failed to present any evidence to show that conditions in Mexico had in fact changed from the time of their initial removal hearing. *See* 8 C.F.R. § 1003.2(c); *see also Najmabadi*, 597 F.3d at 987 (requiring that evidence of changed country conditions "be 'qualitatively different' from the evidence presented at the previous hearing" (citation omitted)).

In view of the limited country-conditions evidence submitted with petitioners' motion, the BIA conducted an adequately individualized analysis of the claim. *See Shooshtary v. INS*, 39 F.3d 1049, 1051 (9th Cir. 1994) ("[T]he preciseness we require of the Board depends upon the preciseness of the proof offered by the petitioner.").

Because petitioners did not establish that any exception to the filing deadline applies, the BIA did not need to reach the merits of petitioners' application for asylum and withholding of removal. *See* 8 C.F.R. § 1003.2(c)(3).

However, while the BIA's decision states that petitioners failed to demonstrate error by former counsel, the record before us is inadequate to determine whether the BIA addressed several of petitioners' allegations of ineffective assistance, including the allegation that former counsel had untimely filed their first motion to reopen. *See Doissaint v. Mukasey*, 538 F.3d 1167, 1170 (9th Cir. 2008) ("IJs and the BIA are not free to ignore arguments raised by a petitioner." (citation omitted)). Accordingly, we remand the case to the BIA for further consideration of petitioners' motion to reopen based on a claim of ineffective assistance of counsel. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case."). We express no opinion as to the merits of this claim.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**