**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ZHUEN LI,

                Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

No. 11-70346

Agency No. A094-930-243

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]
San Francisco, California

Before: THOMAS, Chief Judge, REINHARDT and CHRISTEN, Circuit Judges.

Li, a native and citizen of China, petitions for review of an order from the

Board of Immigration Appeals (BIA) denying his claim for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny Li's petition.[1]

1.     An immigration judge (IJ) must "'provide specific and cogent reasons in support of an adverse credibility determination.'" *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (quoting *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2008)). Here, the BIA concluded that the IJ's adverse credibility finding was justified by: (1) the IJ's findings that Li provided a false address on an application for work authorization; (2) inconsistencies in Li's testimony about alleged church raids in 2005 and 2006; (3) inconsistencies between Li's testimony about the injuries he suffered in the 2006 raid and hospital records of his injuries; (4) inconsistencies between Li's testimony about his journey to the United States and the information in his application for asylum; and (5) insufficient corroborating evidence.

2.     The evidence does not compel a conclusion contrary to the one reached by the BIA. *See Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) ("We . . . must uphold the BIA's finding unless the evidence compels a contrary result." (internal citation and quotation marks omitted)). The BIA's adverse credibility

---

[1]     The parties are familiar with the facts, so we will not recount them here.

2

determination is supported by inconsistencies between Li's testimony about how he came to the United States and his travel documents. Li was unable to explain why his passport was not stamped in France or why he had a Malaysian visa—he testified that he traveled through France on his way to the United States, and that he had never been to Malaysia. These inconsistencies call into question Li's testimony about his identity. Proof of identity is an element of an asylum claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

3.      Because the BIA's adverse credibility determination is supported by substantial evidence, Li cannot satisfy his burden of proving he is eligible for relief from removal. *See Kin v. Holder*, 595 F.3d 1050, 1058 (9th Cir. 2010).

   **PETITION DENIED.**

**_Zhuen Li   v Loretta Lynch 11-70346_**
Reinhardt, Circuit Judge, dissenting:

Although the BIA relies on a number of grounds in affirming the IJ's adverse credibility determination, the majority—as I understand its disposition—relies solely on inconsistencies in Li's testimony regarding his travel to the United States. The majority does so because the grounds other than the inconsistencies regarding Li's travel to the United States are either wholly unsupported by the record or clearly trivial. I agree with the majority that Li's testimony is inconsistent with his travel documents. I do not believe, however, that the inconsistency between Li's testimony and the travel documents are significant enough to deem his entire testimony not credible.

If an IJ does not make an express adverse credibility determination, the BIA must accept a petitioner's testimony as true. _Kalubi v. Ashcroft_, 364 F.3d 1134, 1138 (9th Cir. 2004). Furthermore, the BIA cannot affirm an IJ's adverse credibility determination unless the IJ provides "specific and cogent reasons" for the determination that are supported by substantial evidence. _Shrestha v. Holder_, 590 F.3d 1034, 1039, 1043 (9th Cir. 2010). Absent a valid adverse credibility determination, the BIA must accept the petitioner's testimony in an asylum hearing as true.

Although an IJ is certainly permitted to "_consider_ any inconsistency," we

have held that "inconsistencies must be considered in light of the 'totality of the circumstances, and all relevant factors.'" *Shrestha*, 590 F.3d at 1043 (citing 8 U.S.C. 1158(b)(1)(B)(iii)) (emphasis in original). The weight that the BIA must accord a given inconsistency may depend in large measure on whether the inconsistency goes to the heart of a petitioner's claim. *Compare id.* at 1046–47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."), *with id.* at 1046 ("Even if there is some slight inconsistency between Shrestha providing his parents' address as his most recent address and stating that he had stayed with his uncle temporarily, it is too trivial, under the total circumstances, alone to form the basis of the adverse credibility determination.").

The heart of Li's asylum claim is his testimony regarding church raids in 2005 and 2006 (and the injuries he suffered in the 2006 raid). The majority does not rely on any of the BIA's conclusions regarding alleged inconsistencies in this part of his testimony; so, for purposes of evaluating the totality of the circumstances, we must disregard those conclusions. The inconsistencies regarding petitioner's travel on which the majority does rely are so far afield from the heart of his asylum claim that, under the totality of the circumstances, they must be accorded very little weight and cannot form the basis of an adverse credibility determination. Because the petitioner's asylum application did not at all

depend on how he arrived in the country, his testimony regarding his travel to the United States was entirely irrelevant to whether he would be eligible for asylum. The majority believes that the inconsistencies concerning Li's travel may call into question his testimony about his identity. Neither the BIA nor the IJ suggested any doubts regarding Li's identity, however, and therefore we may not deny the petition on that basis. *See Doissaint v. Mukasey*, 538 F.3d 1167, 1170 (9th Cir. 2008). Moreover, the record does not support any concern regarding Li's identity. For instance, the BIA and the IJ accepted Li's statement that his sisters were, in fact, his sisters; they merely objected to the fact that they did not appear at his immigration hearing.

Instead of considering the totality of the circumstances, the majority focuses on trivial inconsistencies that are of little relevance to Li's asylum claim. Because I do not believe that these inconsistencies can, under controlling case law, serve as the basis for an adverse credibility determination, I respectfully dissent.