REINHARDT, Circuit Judge,
dissenting:
Although the BIA relies on a number of grounds in affirming the IJ’s adverse credibility determination, the majority — as I understand its disposition — relies solely on inconsistencies in Li’s testimony regarding his travel to the United States. The majority does so because the grounds other than the inconsistencies regarding Li’s travel to the United States are either wholly unsupported by the record or clearly trivial. I agree with the majority that Li’s testimony is inconsistent with his travel documents. I do not believe, however, that the inconsistency between Li’s testimony and the travel documents are significant enough to deem his entire testimony not credible.
If an IJ does not make an express adverse credibility determination, the BIA must accept a petitioner’s testimony as true. Kalubi v. Ashcroft, 364 F.3d 1134, 1138 (9th Cir.2004). Furthermore, the BIA cannot affirm an IJ’s adverse credibility determination unless the IJ provides “specific and cogent reasons” for the determination that are supported by substantial evidence. Shrestha v. Holder, 590 F.3d 1034, 1039, 1043 (9th Cir.2010). Absent a valid adverse credibility determination, the BIA must accept the petitioner’s testimony in an asylum hearing as true.
Although an IJ is certainly permitted to “consider any inconsistency,” we have held that “inconsistencies must be considered in light of the ‘totality of the circumstances, and all relevant factors.’” Shrestha, 590 F.3d at 1043 (citing 8 U.S.C. 1158(b)(l)(B)(iii)) (emphasis in original). The weight that the BIA must accord a given inconsistency may depend in large measure on whether the inconsistency goes to the heart of a petitioner’s claim. Compare id. at 1046-47 (“Although incon *633 sistencies no longer need to go to the heart of the petitioner’s claim, when an inconsistency is at the heart of the claim it doubtless is of great weight”), with id. at 1046 (“Even if there is some slight inconsistency between Shrestha providing his parents’ address as his most recent address and stating that he had stayed with his uncle temporarily, it is too trivial, under the total circumstances, alone to form the basis of the adverse credibility determination.”).
The heart of Li’s asylum claim is his testimony regarding church raids in 2005 and 2006 (and the injuries he suffered in the 2006 raid). The majority does not rely on any of the BIA’s conclusions regarding alleged inconsistencies in this part of his testimony; so, for purposes of evaluating the totality- of the circumstances, we must disregard those conclusions. The inconsistencies regarding petitioner’s travel on which the majority does rely are so far afield from the heart of his asylum claim that, under the totality of the circumstances, they must be accorded very little weight and cannot form the basis of an adverse credibility determination. Because the petitioner’s asylum application did not at all depend on how he arrived in the country, his testimony regarding his travel to the United States was entirely irrelevant to whether he would be eligible for asylum. The majority believes that the inconsistencies concerning Li’s travel may call into question his testimony about his identity. Neither the BIA nor the IJ suggested any doubts regarding Li’s identity, however, and therefore we may not deny the petition ón that basis. See Doissaint v. Mukasey, 538 F.3d 1167, 1170 (9th Cir.2008). Moreover, the record does not support any concern regarding Li’s identity. For instance, the BIA and the IJ accepted Li’s statement that his sisters were, in fact, his sisters; they merely objected to the fact that they did not appear at his immigration hearing.
Instead of considering the totality of the circumstances, the majority focuses on trivial inconsistencies that are of little relevance to Li’s asylum claim. Because I do not believe that these inconsistencies can, under controlling case law, serve as the basis for an adverse credibility determination, I respectfully dissent.