**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERTO TORRES CALVILLO, | No.   15-71265 |
| Petitioner, | Agency No. A092-168-907 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 14, 2018
San Francisco, California

Before:  BEA and N.R. SMITH, Circuit Judges, and LASNIK,[**] District Judge.

Gilberto Torres Calvillo ("Calvillo"), native and citizen of Mexico, petitions

for review of a decision of the Board of Immigration Appeals ("BIA"), affirming

an immigration judge's ("IJ") denial of his application for withholding of removal

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1.     The BIA did not abuse its discretion in concluding that Calvillo's conviction for possession of marijuana, Cal. Health & Safety Code § 11359 (1999), was a particularly serious crime. *See* 8 U.S.C. § 1231(b)(3)(B)(iv). Calvillo does not challenge the BIA's conclusion that, under *Matter of Y–L–*, 23 I. & N. Dec. 270 (A.G. 2002), his conviction was a particularly serious crime. Rather, Calvillo argues that the application of *Matter of Y–L–* was impermissibly retroactive under *Miguel-Miguel v. Gonzales*, 500 F.3d 941 (9th Cir. 2007).

The BIA did not err in concluding that the IJ could retroactively apply *Matter of Y–L–*, under the retroactivity test established by *Montgomery Ward Co. v. FTC*, 691 F.2d 1322 (9th Cir. 1982). *See Garfias-Rodriguez v. Holder*, 702 F.3d 504, 519-20 (9th Cir. 2012) (en banc). Applying the *Montgomery Ward* factors, we conclude that three of the five factors weigh against Calvillo, because there is no evidence that Calvillo relied on the former rule and the degree of burden is minimal. *See Montgomery Ward*, 691 F.2d at 1333. Therefore, the BIA properly concluded that Calvillo was barred from relief by withholding of removal.

2.     Substantial evidence supports the BIA's determination that Calvillo did not establish a clear probability of torture. The BIA concluded that Calvillo was not

likely to suffer torture upon his return to Mexico from any drug cartel or organization. Calvillo does not challenge this conclusion and points to no evidence to establish he is likely to be tortured upon his return, *see Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017), therefore he has failed to carry his burden of proof on this issue, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (noting issues not raised in opening brief are waived). Because relief under CAT requires evidence "that torture will more likely than not occur" *and* that "sufficient state action [is] involved in the torture," *see Barajas-Romero*, 846 F.3d at 363, we need not address whether the BIA properly assessed the government's involvement.

3.     The BIA did not abuse its discretion in construing the submitted documents as an attempt to reopen removal proceedings. *See* 8 C.F.R. § 1003.2(a). A motion to reopen was the proper vehicle, because the documents were submitted in an effort to challenge the IJ's factual finding. *See Doissaint v. Mukasey*, 538 F.3d 1167, 1170 (9th Cir. 2008) (A "motion to reopen . . . is purely fact-based, seeking to present newly discovered facts or changed circumstances since a petitioner's hearing." (emphasis omitted)). The BIA is prohibited from engaging in such factfinding. *See* 8 C.F.R. 1003.1(d)(3)(iv).

Having properly construed the submission of the documents as a motion to reopen, the BIA did not abuse its discretion in denying the motion, because the majority of documents submitted predate his merits hearing. *See* 8 C.F.R. 1003.2(c) ("A motion to reopen proceedings shall not be granted unless . . . evidence sought to be offered . . . was not available and could not have been discovered or presented at the former hearing[.]").

**PETITION FOR REVIEW DENIED.**