**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NERSES MELKONYAN, | No. 23-2514 |
| Petitioner, | Agency No. A095-402-087 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 13, 2025
Pasadena, California

Before: OWENS, BENNETT, and H.A. THOMAS, Circuit Judges.

Petitioner Nerses Melkonyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals ("BIA") order denying his motion to reopen to seek a waiver of inadmissibility under 8 U.S.C. § 1182(h). Petitioner argues that: (1) as to the relief sought under 8 U.S.C. § 1182(h)(1)(B), the BIA erred in determining that Petitioner had to file the appropriate application for relief with

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

his motion under 8 C.F.R. § 1003.2(c)(1); and (2) the BIA improperly ignored his argument that he also qualifies for a waiver under 8 U.S.C. § 1182(h)(1)(A).[1] We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D).[2] Petitioner also raises various arguments challenging the BIA's final order of removal. We deny the petition in part, grant the petition in part, and remand.

1. As to Petitioner's claim for relief under § 1182(h)(1)(B), the BIA properly denied the motion to reopen based on Petitioner's failure to file the appropriate application for relief with his motion. Section 1003.2(c)(1) provides that "[a] motion to reopen proceedings for the purpose of submitting an application for relief *must be accompanied by the appropriate application for relief* and all supporting documentation." 8 C.F.R. § 1003.2(c)(1) (emphasis added). Because it is undisputed that Petitioner failed to submit a completed application for the relief

---

[1] Petitioner also argues that the BIA erred in determining that he had failed to make a prima facie showing of the requisite hardship to a qualifying relative under § 1182(h)(1)(B). We do not consider that issue, including whether we would have jurisdiction to consider it, given our holding below that the BIA properly denied the motion to reopen as to the relief sought under § 1182(h)(1)(B) based on Petitioner's failure to comply with § 1003.2(c)(1).

[2] The BIA's interpretation of § 1003.2(c)(1) "presents a purely legal question." *Rubalcaba v. Garland*, 998 F.3d 1031, 1035 (9th Cir. 2021) (quoting *Toor v. Lynch*, 789 F.3d 1055, 1059 (9th Cir. 2015)). Whether the BIA improperly ignored an argument also raises a legal question. *See Doissaint v. Mukasey*, 538 F.3d 1167, 1170 (9th Cir. 2008) (holding that the BIA's failure to consider petitioner's argument was a "legal error"); *cf. Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (stating that the BIA's failure to consider all the evidence is "legal error").

he sought under § 1182(h)(1)(B), the BIA did not abuse its discretion in denying the motion to reopen. *See Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063–64 (9th Cir. 2008) (citing 8 C.F.R. § 1003.2(c)(1)), *overruled on other grounds by Cheneau v. Garland*, 997 F.3d 916 (9th Cir. 2021) (en banc).

2.     The BIA improperly ignored Petitioner's argument that he qualifies for a waiver under § 1182(h)(1)(A). Petitioner's BIA brief recited the three requirements to qualify for relief under § 1182(h)(1)(A)(i)–(iii). His brief also addressed one of those requirements, as he noted that it had been fifteen years since he committed the crimes involving moral turpitude. This was sufficient to put the BIA on notice that Petitioner was raising a claim for relief under § 1182(h)(1)(A). *Cf. Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (stating that in the exhaustion context an issue is sufficiently raised so long as it "put[s] the BIA on notice of what was being challenged"). We remand this issue to the BIA for further consideration. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

3.     Petitioner failed to file a petition for review of the BIA's final order of removal. Thus, the mandatory 30-day deadline in which a petitioner must seek review of a final order of removal, 8 U.S.C. § 1252(b)(1)—which the government invokes—precludes us from considering Petitioner's challenges to the BIA's removability determination. *See Alonso-Juarez v. Garland*, 80 F.4th 1039, 1047 (9th Cir. 2023) (holding that the 30-day deadline under § 1252(b)(1) is a mandatory

3                                                    23-2514

rule, rather than jurisdictional); *Fort Bend County v. Davis*, 587 U.S. 541, 549 (2019) (stating that courts must enforce mandatory claim-processing rules when properly raised).

**PETITION DENIED IN PART, GRANTED IN PART, AND REMANDED.**[3]

---

[3] The parties shall bear their own costs on appeal.