**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCISCO ANGEL ROBLERO,

        Petitioner,

v.

PAMELA BONDI, Attorney General,

        Respondent.

No. 24-6556

Agency No.
A200-289-395

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2025[**]
Pasadena, California

Before: HIGGINSON, BENNETT, and SUNG, Circuit Judges.[***]

Petitioner Francisco Angel Roblero, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal

from an Immigration Judge's ("IJ") denial of his application for cancellation of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

removal.  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.  Roblero argues that the IJ and BIA failed to make an appropriate cumulative hardship determination.  The IJ individually analyzed each factor, but that does not mean that he failed to cumulatively weigh the evidence.  And the IJ also stated that he had "weighed" Roblero's claim "in light of previous Board decisions" that address the cumulative hardship standard.  Like the IJ, the BIA thoroughly and appropriately reviewed the totality of the hardship evidence.

2.  Roblero argues that the IJ and BIA failed to properly assess the evidence of economic and emotional hardship presented.  We lack jurisdiction to review the IJ and BIA's factual determinations.  *See Patel v. Garland*, 596 U.S. 328, 339 (2022).  Whether the BIA erred in applying the exceptional and extremely unusual hardship standard to a given set of facts is a "primarily factual mixed question" which we review for "substantial evidence."  *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025).

Substantial evidence supports the IJ and BIA's determination that Roblero did not demonstrate that his qualifying relatives would suffer exceptional and extremely unusual hardship if he were removed.  The IJ identified that Roblero's sons are healthy and his daughter receives medication for her thyroid issue through state insurance.  If Roblero were removed, his children would stay in the United States with his partner (the mother of his two youngest children), who is a lawful permanent

resident and had been employed as recently as six months before the IJ's decision. And Roblero is healthy, has family support in Mexico, and could work in Mexico to provide financial support for his children. Those factual findings—all of which support a finding of no exceptional and extremely unusual hardship—are nonreviewable. *See Patel*, 596 U.S. at 339.

Roblero alleges that the IJ and BIA misapplied the relevant legal frameworks for assessing hardship. But a review of Roblero's claims shows that he is in fact challenging the IJ and BIA's nonreviewable factual determinations regarding the economic and emotional hardships posed to his U.S. citizen children. For example, Roblero argues that "[t]he IJ and BIA incorrectly assumed that [Roblero's partner] could simply return to the workforce and provide for the family's financial needs"; that "the IJ failed to account for the cost of childcare should [Roblero's partner] need to work"; and that "[Roblero's daughter] . . . depends on her father's income for consistent medical care." But these factual determinations are not subject to review. *See Wilkinson v. Garland*, 601 U.S. 209, 225 (2024); *Patel* 596 U.S. at 339.

Insofar as Roblero argues that the IJ and BIA disregarded evidence of various potential future economic and emotional hardships, this court "generally presumes that the BIA thoroughly considers all relevant evidence in the record." *Szonyi v. Barr*, 942 F.3d 874, 897 (9th Cir. 2019). And Roblero identifies no evidence in the record that supports his speculative claims of future hardship. As to his oldest son,

Roblero testified only that his son was "fine." As to his daughter, Roblero testified that "[a]s long as she takes her medicine she's fine." And the IJ made the (again, unreviewable) factual determinations that Roblero's children would continue to receive state-funded healthcare were Roblero removed, and that Roblero's daughter's health was good, other than her treatable thyroid condition. The record does not "compel the conclusion that [Roblero's] removal would result in 'exceptional and extremely unusual hardship' to a qualifying relative." *Gonzalez-Juarez*, 137 F.4th at 999.

3. Roblero also challenges the IJ's discretionary denial of his application for cancellation of removal. "Because the BIA did not reach this ground" for denying Roblero's application, "we do not consider it here." *Guan v. Barr*, 925 F.3d 1022, 1030 n.3 (9th Cir. 2019); *see also Doissaint v. Mukasey*, 538 F.3d 1167, 1170 (9th Cir. 2008) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation omitted)).

The petition is **DENIED**.[1]

---

[1] The government has represented that Roblero has been returned to the United States, Docket No. 43, and Roblero has not challenged that representation. Thus we deny as moot Roblero's motion to order Roblero's return to the United States, Docket No. 17. We also deny Roblero's motion to find Respondent in contempt. Docket No. 17.

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied. Docket No. 3.

24-6556