**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



**FILED**

MAR 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS FRANCISCO PEREZ PEREZ; et al., | No. 25-1091 |
| Petitioners, | Agency Nos. A241-903-364 A241-903-365 A241-903-366 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026**
San Francisco, California

Before: S.R. THOMAS and GOULD, Circuit Judges, and MORRIS, Chief District
Judge.***

Petitioners Carlos Francisco Perez Perez ("Perez"), his wife Claudia Isabel

Gaona ("Gaona"), and their child J.P.G. (collectively, "Petitioners") petition for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Brian M. Morris, United States Chief District Judge for the District of Montana, sitting by designation.

review of a decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") decision denying Petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1. "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review the denial of an application for asylum and withholding of removal for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). We also review the denial of relief under CAT for substantial evidence. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022). The substantial evidence standard is deferential, allowing reversal only when "any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)).

2. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma*, 9 F.4th at 1059 (quoting 8 U.S.C. § 1101(a)(42)(A)). "An applicant alleging past persecution has the burden of establishing that (1) his treatment rises

2                                                                          25-1091

to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). Substantial evidence supports the BIA's denial of asylum and withholding of removal because Petitioners did not establish that the Colombian government was unwilling or unable to control members of the Revolutionary Armed Forces of Colombia ("FARC"). Perez testified that he did not bring any evidence to the police about a threatening phone call and that the police told him they needed evidence to support an investigation. This testimony supports the BIA's conclusion that the police did not investigate the phone call because the police did not have sufficient evidence to launch an investigation, not because the police were "unwilling or unable" to control FARC. *See Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013) ("[U]nwillingness or inability to control persecutors is not demonstrated simply because the police ultimately were unable to solve a crime or arrest the perpetrators, where the asylum applicant failed to provide the police with sufficiently specific information to permit an investigation or an arrest."). Also, contrary to the position asserted by Perez, the country conditions data said that the Colombian government "generally investigated and prosecuted" actions by nonstate armed groups, including FARC.

3. The BIA "erred as a matter of law" when it determined that the Petitioners' "properly raised and briefed CAT claim[s]" were waived. *Doissaint v. Muaksey*, 538 F.3d 1167, 1170 (9th Cir. 2008). However, we decline to remand when it "would be an idle and useless formality." *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam). The BIA's conclusion that Petitioners did not establish that the Colombian government would be unwilling or unable to control FARC defeats a necessary element of CAT relief—that the future torture must be inflicted with the acquiescence of the government. *See, e.g.*, *Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017) ("Public officials acquiesce in torture if they: '(1) have awareness of the activity (or consciously close their eyes to the fact it is going on); and (2) breach their legal responsibility to intervene to prevent the activity because they are unable or unwilling to oppose it.'" (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014))); *cf. Rodriguez Tornes v. Garland*, 993 F.3d 743, 754 (9th Cir. 2021) (finding of acquiescence under CAT necessarily supports finding that government is unable or unwilling to stop persecution for purposes of asylum or withholding of removal). Remand would therefore be futile.

**PETITION DENIED.**[1]

---

[1] The temporary administrative stay of removal is lifted and the motion for stay of removal and supplemental motion for stay of removal are denied. *See* Dkt. Nos. 2, 8.