**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIA OSORIO HERRERA, et. al. | No. 20-71250 |
| Petitioners, | BIA A202-176-596 |
| v. | A202-176-597 |
| | A202-176-598 |
| MERRICK GARLAND, Attorney General, | A202-176-599 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 18, 2021
San Francisco, California

Before: THOMAS, McKEOWN, Circuit Judges, and MOLLOY,** District Judge.

Lead Petitioner Antonia Osorio Herrera and three of her children, as rider-derivatives (collectively, "Petitioners"), petition for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal. Osorio

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

1

Herrera sought relief on the basis of her membership in a protected class: the familial relationship to her late husband. The BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), to adopt and affirm the IJ's decision, so we review the IJ's decision as if it were the decision of the BIA. *Figueroa v. Mukasey*, 543 F.3d 487, 491 (9th Cir. 2008). We review the decision that Osorio Herrera has not established eligibility for asylum or withholding of removal for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We have jurisdiction under 8 U.S.C. § 1252 and grant the petition for review.

I.

To satisfy the first step in the two-step asylum process, an applicant must show that she "is unable or unwilling to return to, and is unable or unwilling to avail . . . herself of the protection of, [the country of removal] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "[T]he family remains the quintessential particular social group." *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015). An asylum applicant must also establish that a protected ground "was or will be at least one central reason for persecut[ion]." 8 U.S.C. § 1158(b)(1)(B)(i). "Accordingly, the persecutor's motive is critical and the applicant must come forward with *some*

2

evidence of motive, direct or circumstantial." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (internal quotations and alteration omitted). "Proof of past persecution gives rise to a rebuttable presumption that a well-founded fear of future persecution exists." *Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018) (internal quotation marks omitted).

Here, though the IJ recognized Petitioners' familial relationship with Osorio Herrera's late husband as a "particular social group," the IJ determined that Osorio Herrera did not meet the requirements for asylum because she did not show that she suffered past persecution, nor did she demonstrate an "objectively reasonable" fear of future persecution. The IJ also concluded that, even if Osorio Herrera had satisfied the showing required for past persecution, she failed to establish that the familial relationship was one central reason for it. These conclusions are not supported by substantial evidence.

A.

The IJ's conclusion that Osorio Herrera did not establish past persecution is unsupported by substantial evidence. While "unfulfilled threats" generally do not rise to the level of persecution, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003), "threats may be compelling evidence of past persecution, particularly when they are specific and menacing and are accompanied by evidence of violent confrontations, near-confrontations and vandalism," *Mashiri v. Ashcroft*, 383 F.3d

3

1112, 1119 (9th Cir. 2004).

The circumstances in this case distinguish the threats against Osorio Herrera from those in cases where petitioners were not persecuted. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("We generally look at all of the surrounding circumstances to consider whether the threats . . . rise to the level of persecution."). Here, Osorio Herrera knew the identity of the individuals threatening her and that they had carried out their violent threats in the past— namely, when they threatened, tortured, and murdered her husband. *Cf. id.* (determining threats were not persecution where petitioner "did not personally know if [alleged hitmen] had ever carried out threats against" others); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1158 (9th Cir. 2005). Moreover, members of the mafia continued to pursue Osorio Herrera and her family after her husband's death and violently vandalized her family home. *Mashiri*, 383 F.3d at 1119. Because the record compels the conclusion that Petitioners suffered past persecution, they are entitled to a presumption of future persecution, and it is the government's burden to rebut that presumption. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc).

## B.

On the nexus requirement, we recognize that persecutors may have mixed motives in carrying out threats or violence, and "one central reason" for harm is

not synonymous with "the sole reason" or even the "most important" reason for the harm. *See, e.g.*, *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009). Ultimately, given that credible evidence illustrates the mafia's pattern of recruiting and exploiting family relationships and the record shows Osorio Herrera's past persecution in Mexico and that members of her late husband's family have been threatened or shot while they remain in Mexico, the record compels the conclusion that the familial relationship with Osorio Herrera's late husband was one central reason for the persecution.

Because the evidence compels the conclusion that Petitioners established past persecution and nexus, we vacate the BIA's decision on asylum and remand for consideration in the first instance of whether the government has rebutted the presumption that Petitioners have a well-founded fear of future persecution. *See Bringas-Rodriguez*, 850 F.3d at 1075–76.

II.

Osorio Herrera also seeks withholding of removal based on her familial relationship under 8 U.S.C. § 1231(b)(3)(A). "The withholding statute requires applicants to prove that it is more likely than not they will be persecuted, while the asylum statute requires only a 'well-founded fear' of persecution." *Barajas-Romero*, 846 F.3d at 360 (footnote omitted). Here, the IJ did not analyze

withholding of removal because the IJ concluded that Osorio Herrera failed to establish eligibility for asylum and made no finding on the likelihood of harm that Petitioners might suffer in the withholding of removal context. Because the IJ did not identify Osorio Herrera's failure to establish the higher evidentiary threshold as a reason for denying the claim for withholding of removal, we cannot affirm the agency on those grounds. *Doissaint v. Mukasey*, 538 F.3d 1167, 1170 (9th Cir. 2008). We grant the petition on this claim and remand to the agency to consider whether Osorio Herrera satisfies the clear probability standard.

**PETITION GRANTED AND REMANDED.**