**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ANTONIO LOPEZ, AKA Posadas Lopez,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 20-70386<br> 21-70509<br><br>Agency No. A095-007-483<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2023[**]
Pasadena, California

Before: BERZON, RAWLINSON, and BRESS, Circuit Judges.

Juan Lopez ("Lopez"), a native and citizen of El Salvador, petitions for

review of a Board of Immigration Appeals ("BIA") decision affirming the

immigration judge's ("IJ") order denying his applications for asylum, withholding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal, and protection under the Convention Against Torture ("CAT").  Lopez also petitions for review of the BIA's order denying his motion to reopen removal proceedings.  We deny both petitions.

Where, as here, the BIA adopts the opinion of the IJ and adds its own reasoning, we review both decisions.  *See Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005).  "We examine the BIA's 'legal conclusions de novo and its factual findings for substantial evidence.'"  *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc)).

1.  Lopez does not challenge the BIA's determination that he waived any challenge to the IJ's finding that his asylum application was untimely filed.  Because he did not raise the issue in his opening brief on appeal, any challenge before us regarding the BIA's determination is waived.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).  We decline to consider Lopez's arguments regarding the merits of his claim for asylum because the timeliness determination is dispositive.  *See* 8 U.S.C. § 1158(a)(2)(B).

2.  Substantial evidence supports the BIA's determination that Lopez failed to establish eligibility for withholding of removal based on membership in his proposed particular social group, "Salvadorian national[s] who [believe they] will be targeted for kidnapping, extortion, and torture for refusing to join the 'Mara 18'

gang and having escaped their threats."

Lopez asserts that the BIA erred when it deemed his proposed social group non-cognizable because the agency incorrectly relied on a now-vacated BIA decision to conclude that "a particular social group for immigration purposes cannot be determined by the persecution of its members." *See Matter of A-B-*, 27 I. & N. Dec. 316, 335 (A.G. 2018), *vacated by Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021)); *see also Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1086 (9th Cir. 2020). But the BIA did not rely solely on the circularity of Lopez's proposed group definition to conclude the group is non-cognizable. The BIA also adopted the IJ's conclusion that the group is not socially distinct. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016). In so holding, the BIA and IJ relied on prior cases and BIA opinions which have considered nearly identically defined groups and found them non-cognizable because they "would not be 'perceived as a group' by society." *Matter of S-E-G-*, 24 I. & N. Dec. 579, 588 (BIA 2008) (proposed social group of Salvadoran youth who had resisted gang recruitment efforts not socially distinct); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir. 2008) (same), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Barrios v. Holder*, 581 F.3d 849, 854–55 (9th Cir. 2009) (Guatemalan youth who resisted gang recruitment not cognizable as a particular social group), *abrogated in part on other grounds by Henriquez-Rivas*,

3

707 F.3d 1081; *Ramos-Lopez v. Holder*, 563 F.3d 855, 861–62 (9th Cir. 2009) (young Honduran men who resisted gang recruitment not cognizable as a particular social group), *abrogated in part on other grounds by Henriquez-Rivas*, 707 F.3d 1081.

Substantial evidence supports the BIA's conclusion. Lopez did not provide any evidence to distinguish his proposed particular social group from those deemed non-cognizable by our caselaw. No evidence in the record demonstrates that Salvadoran society perceives as a group those who fear being targeted by gangs for having resisted their recruitment efforts.

3. The BIA errs as a matter of law when it construes a "properly raised and briefed CAT claim as abandoned." *Doissaint v. Mukasey*, 538 F.3d 1167, 1170 (9th Cir. 2008). Reviewing Lopez's allegations of legal error de novo, *see id.*, we conclude that the BIA did not err when it determined that Lopez waived any challenge to the IJ's denial of CAT relief.

Lopez's Notice of Appeal, filed while he was self-represented, did not meaningfully raise the CAT issue before the BIA.[1] Lopez's Notice generally asserted that the IJ "erred as a matter of law and abused her discretion in denying his applications" and "did not fully consider the facts and supporting evidence of

---

[1] As the BIA notes, although Lopez indicated in his Notice of Appeal that he intended to file a separate brief in support of the appeal, he did not do so.

4

his case when she denied his applications." But the Notice did not point to any specific error in the IJ's decision that affected the determination of his CAT claim, nor to any evidence that would support the claim. *See, e.g.*, *Alanniz v. Barr*, 924 F.3d 1061, 1068–69 (9th Cir. 2019) (petitioner "did not argue that he was entitled to relief under the CAT" and did not produce "any evidence of past torture"). "[B]road statements" in a notice of appeal are not sufficient to put the BIA on notice of a petitioner's claim. *See Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010). Even construed liberally, Lopez's general statements did not put the BIA on notice of any cognizable challenge regarding his CAT claim.

4. Lopez did not include any challenge to the BIA's denial of his motion to reopen removal proceedings in his briefing to this Court. We therefore deny the petition in No. 21-70509. *See Lopez-Vasquez*, 706 F.3d at 1079–80.

For the foregoing reasons, the petitions for review are **DENIED**.