**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ISMAEL AGUILAR MEDINA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-842

Agency No.
A095-795-489

MEMORANDUM[*]

ISMAEL AGUILAR MEDINA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-868

Agency No.
A095-795-489

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2025[**]
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Ismael Humberto Aguilar Medina ("Aguilar") appeals the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his motion to reopen and a subsequent order denying his motion for reconsideration. The two petitions have been consolidated. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petitions.

"A motion to *reconsider* seeks to correct alleged errors of fact or law," while a "motion to *reopen* . . . is purely fact-based, seeking to present newly discovered facts or changed circumstances since a petitioner's hearing." *Doissaint v. Mukasey*, 538 F.3d 1167, 1170 (9th Cir. 2008) (emphasis in original). We review the BIA's denial of a motion to reopen and a motion to reconsider for abuse of discretion. *Toor v. Lynch*, 789 F.3d 1055, 1059 (9th Cir. 2015). The BIA abuses its discretion when it acts "arbitrarily, irrationally, or contrary to the law." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (quoting *Lainez-Ortiz v. INS*, 96 F.3d 393, 395 (9th Cir. 1996)).

**1.** Aguilar argues that the BIA erred when it affirmed the IJ's denial of his motion to reopen because he presented new evidence showing that his acceptance of voluntary departure was unknowing and unintelligent. *See* 8 C.F.R. § 1003.2(c)(1). However, the BIA reasonably held that Aguilar's assertions did not justify reopening. While the BIA is under an affirmative obligation to "accept as

true facts stated in [the non-citizen's] affidavit" unless "inherently unbelievable," *Ghahremani v. Gonzales*, 498 F.3d 993, 999 (9th Cir. 2007) (quoting *Maroufi v. INS*, 772 F.2d 597, 600 (9th Cir. 1985)), Aguilar's affidavit did not indicate that he misunderstood the consequences of voluntary departure. Only counsel's unsupported assertions in the motion alleged that Aguilar had a mistaken belief. Counsel's assertions do not establish that Aguilar unintelligently accepted voluntary departure. *See I.N.S. v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984); *Carrillo-Gonzalez v. I.N.S.*, 353 F.3d 1077, 1079 (9th Cir. 2003) ("[Petitioner] forwards th[e] claim [that she was defrauded by a notary] through the argument of her counsel, which does not constitute evidence.").

Aguilar relies on *Ibarra-Flores v. Gonzales*, 439 F.3d 614 (9th Cir. 2006), to argue that there is insufficient evidence showing a knowing acceptance of voluntary departure. *See id*. at 619–20 (remanding the case because petitioner's testimony suggested an unknowing acceptance due to misrepresentations made by immigration officers). This argument is unpersuasive. In *Ibarra-Flores*, the Ninth Circuit applied a substantial evidence standard because the agency mischaracterized a border turn-away as a voluntary departure. 439 F.3d at 618. The present case does not involve a border turn-away. Instead, Aguilar requested voluntary departure at an immigration proceeding, with the assistance of counsel. Aguilar has not shown that he did not knowingly request voluntary departure.

3                                                    23-868

Aguilar further argues that the BIA should have granted his motion to reopen because he made a prima facie showing of eligibility for adjustment of status under 8 U.S.C. § 1255(a). However, the BIA reasonably denied the motion because Aguilar failed to submit documents showing that he was in fact eligible. *See* 8 C.F.R. § 1003.2(c)(1). Accordingly, Aguilar has not shown that the BIA abused its discretion in denying the motion to reopen.

**2.** Aguilar contends that the BIA erred in denying his motion for reconsideration because with his motion, he submitted the necessary documentation to conclusively prove he was eligible for adjustment of status under 8 U.S.C. § 1255(a). However, on a motion for reconsideration, the BIA considers only the record evidence before it at the time of its prior decision. *See* 8 C.F.R. § 1003.2(b)(1); *Iturribarria v. I.N.S.*, 321 F.3d 889, 895 (9th Cir. 2003) ("It is implicit in subsection (b)(1) that the BIA will reconsider the party's case using the same record evidence used in making its prior decision."). Accordingly, the BIA did not abuse its discretion in refusing to consider the evidence submitted for the first time with the motion for reconsideration. *Hui Ran Mu v. Barr*, 936 F.3d 929, 936 n. 14 (9th Cir. 2019) ("[A] motion for reconsideration does not permit review of new evidence . . . .").

Aguilar also argues that the BIA unreasonably denied his claim of ineffective assistance of counsel. He argues that he did not need to comply with

*Matter of Lozada*, 19 I&N Dec. 637, 639 (BIA 1988), because Cardenas's incompetence is plain on the face of the record. *See Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir. 2003).

Aguilar's arguments are not persuasive. First, Aguilar's motion only implied that prior counsel was ineffective in a footnote. The motion was devoid of any details regarding the attorney-client agreement and failed to include an "exact, sworn recitation of facts" explaining how prior counsel was ineffective. *See Reyes v. Aschcroft*, 358 F.3d 592, 597–98 (9th Cir. 2004) (rejecting petitioner's unsworn complaint letter because it only presented cursory factual allegations with little support in the record). Second, Cardenas's alleged incompetence is not obvious from the record. There are benefits tied to voluntary departure. *See Dada v. Mukasey*, 554 U.S. 1, 11–12 (2008). The motion to reopen was filed ten days late, but Aguilar fails to address whether the delay was caused by Cardenas or Aguilar himself. *Cf. Castillo-Perez v. I.N.S.*, 212 F.3d 518, 526 (9th Cir. 2000). Nor is it clear when Cardenas became aware of Aguilar's eligibility for adjustment of status under 8 U.S.C. § 1255(a). Requesting voluntary departure does not show obvious incompetence and there is no indication that Cardenas failed to inform Aguilar of the risks and benefits of doing so.

Accordingly, the petitions are **DENIED**.